**United States Court of Appeals**

## FOR THE EIGHTH CIRCUIT

————————

No. 95-2442

————————

United States of America,      *
                               *
         Appellee,             *
                               *
                               Appeal from the United States
     v.                        *
                               District Court for the
                               *
                               District of Minnesota
Vontrell Williams, also known as                       *
James Jackson, also known as   *           [UNPUBLISHED]
Mark Pickney, also known as    *
Eddie Long,                    *
                               *
         Appellant.            *

————————

Submitted:      April 4, 1997

Filed:       August 15, 1997

————————

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.

————————

PER CURIAM.

Vontrell Williams appeals his conviction and sentence entered in the United States District Court[1] for the District of Minnesota, after he pleaded guilty to conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). For the reasons discussed below, we affirm.

———————————

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Williams was charged in a two-count indictment with possession with intent, and conspiracy, to distribute cocaine base, after he was arrested at the Minneapolis-St. Paul airport in the company of a woman carrying 192.3 grams of cocaine base. When questioned by police, Williams first stated that he was James Jackson, and then stated he was Eddie Long. Williams also represented himself to be Eddie Long at his initial appearance before a magistrate judge, and persuaded family members to confirm he was Long and to verify falsely his employment; only afterwards did officials learn through fingerprint identification that the defendant was Williams.

Williams pleaded guilty to the conspiracy count pursuant to a plea agreement. The government agreed to dismiss the possession count and to recommend a three-level reduction for acceptance of responsibility provided Williams testified truthfully and cooperated with the probation office. The plea agreement left open the question of a two-level increase for obstructing or impeding the administration of justice, under U.S. Sentencing Guideline Manual § 3C1.1 (1995). The plea agreement stated that the charge carried a statutory mandatory minimum sentence of ten years imprisonment.

The district court concluded there was sufficient evidence to justify a two-level increase for obstruction of justice as well as a three-level decrease in his offense level for acceptance of responsibility. The district court sentenced Williams to 168 months imprisonment and five years supervised release.

On appeal, Williams's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and was granted leave to withdraw. Williams filed a supplemental pro se brief. Counsel argued only that the district court erred in imposing the two-level enhancement for obstruction of justice. In his pro se brief, Williams argued (1) his guilty plea was involuntary and the government offered and thereafter reneged on its promise of a determinate five-year sentence; (2) he received ineffective assistance of counsel; (3) no relevant conduct determination was made regarding the reasonable foreseeability of the amount of drugs for which Williams was held accountable; and (4) the district court erred in enhancing his sentence for obstruction of justice when his

only false statement was based on his right against self-incrimination. He sought enforcement of his plea agreement for a five-year sentence.

Following our review pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), we appointed new counsel for Williams, and directed the parties to brief the issue of whether the government met its burden of proving the prior convictions on which Williams's criminal history score was based. After Williams's new counsel filed a brief, the government conceded error and moved to remand for resentencing, which we granted. On remand, the district court reduced Williams's sentence to 151 months imprisonment based on the government's concession that his criminal history score had incorrectly included two points instead of one for a 1993 conviction. The district court ordered the other determinations with respect to the sentence previously imposed to remain the same. Williams has informed us that the resentencing afforded him all the relief he requested as to the calculation of his criminal history score, so we now address the remaining issues on appeal.

Williams's contention that the government breached the plea agreement by reneging on its alleged promise of a five-year determinate sentence is without merit. The plea agreement specifically sets forth a statutory mandatory minimum ten-year sentence; Williams acknowledged the mandatory minimum sentence at the guilty plea hearing; and he did not contest this in written objections to the presentence report. Moreover, a review of the guilty plea transcript reveals that Williams voluntarily entered into the plea agreement.

Williams was sentenced on the basis of the 192.3 grams of cocaine base found on his co-defendant at the time of his arrest. No additional relevant conduct determinations were made or were necessary. Any ineffective-assistance claims are more appropriately resolved in a 28 U.S.C. § 2255 motion. See United States v. Logan, 49 F.3d 352, 361 (8th Cir. 1995).

We conclude that the district court did not abuse its discretion in enhancing Williams's offense level for obstruction of justice.  Williams's false identification to the magistrate judge was material to the issue of release pending sentencing.  See U.S. Sentencing Guidelines Manual § 3C1.1, comment. (n.3(f)) (1995) (providing material false information to a magistrate judge).  Williams's sentence was enhanced because he lied to a magistrate judge, not as a penalty for exercising his right to remain silent. See United States v. Pereira-Munoz, 59 F.3d 788, 793 (8th Cir. 1995).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.